UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRIAN DIGNAN, : | |
|     Plaintiff, : | CIVIL ACTION NO. |
| : | 07-cv-1307(JCH) |
| v. : | |
| : | |
| ELLEN MCGEE, ET AL., : | MAY 20, 2009 |
|     Defendants. : | |

**RULING RE: PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC. NO. 69) AND MOTION TO AMEND JUDGMENT (DOC. NO. 70).**

**I.   INTRODUCTION**

The plaintiff, Brian Dignan, brings these Motions to Amend and for Reconsideration of this court's Ruling (Doc. No. 65) entered on April 9, 2009, granting summary judgment in favor of Defendant, Ellen McGee as Representative of the Estate of Daniel Flanagan, and granting defendants' Motion to Dismiss.

**II.   STANDARD OF REVIEW**

The Second Circuit has held that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted).  There are three grounds that justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice.  Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).  That the court overlooked controlling law or material facts may also entitle a party to succeed on

a motion to reconsider.  Eisemann v. Greene, 204 F.3d 393, 395 n. 2 (2d Cir. 2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (internal quotation marks omitted).

Similarly, a motion to alter or amend a judgment is not to be lightly granted. Like a motion to reconsider, a motion to amend it is not an opportunity to reargue the original motion.  The standard for a motion to amend is similar to that of a motion to reconsider. Accordingly, such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader, 70 F.3d at 257.  Because the standards for a Motion for Reconsideration and a Motion to Amend Judgment are essentially the same, the court will consider the Motions together.

### III.    DISCUSSION[1]

In support of its Motions to Amend/Reconsider, Dignan has failed to point out any intervening change in the law.[2]  Plaintiff asks the court to reconsider its ruling in light of Doe v. Holy See, 557 F.3d 1066 (9th Cir. 2009), which case is not controlling and is not on point.  Holy See does not concern fraudulent concealment or personal jurisdiction, which were the issues addressed by this court in its Ruling.

---

[1] The court assumes familiarity with the facts and procedural posture of the case.  See Ruling (Doc. No. 65).

[2] Dignan asks the court to reconsider the constitutional question he served upon the Attorney General, noting that he made clear error in his initial question presented.  Specifically, he states that he cited the wrong subsection.  However, plaintiff's mistake does not qualify as an intervening change in the law.  Furthermore, this alleged mistake does not bear on the court's Ruling that he failed to demonstrate that section 45a-375 is unconstitutional.  See Ruling at 14 n.13.

Similarly, Dignan fails to demonstrate that there is newly discovered evidence in this case that would warrant reconsideration. Dignan points to the report of Kathryn M. Salisbury as new evidence. This report was initially attached to his Opposition to defendant's Motion to Stay Discovery (Doc. No. 61). Thus, this is not newly discovered evidence. This report was known and available to Dignan before judgment entered in this case, yet he did not rely on it in his opposition to the Motion for Summary Judgment nor did he request leave to file a surreply. Furthermore, even if the court were to consider this newly discovered evidence, which it is not, it would not alter the court's reasoning that Dignan was not ignorant of the facts he claims Ellen McGee fraudulently concealed from him. The letters he wrote to McGee contain unambiguous language that Dignan was aware of the sexual abuse by Flanagan. See Ruling at 7-9. Moreover, the report of Kathryn Salisbury states that Dignan indicated to her "that it was not until 2003 that the real possibility of filing a law suit existed." Doc. No. 61, Exh A. at 10. When there is evidence of fraudulent concealment, section 52-595 of the Connecticut General Statutes tolls the statute of limitations against the person who concealed the existence of the cause of action until the plaintiff first discovers it. Conn Gen. Stat. § 52-595. Thus, if, as stated in Salisbury's report, Dignan first realized the possibility that a cause of action existed in 2003, his claim is still barred by the statute of limitations because he did not bring this claim until 2007. See Conn. Gen. Stat. § 45a-357(d) (allowing claims to be brought against the estate of a decedent within two years from the date the claim arose). Finally, the letter of the Chief Medical Examiner, Doc. No. 57, which is not newly discovered evidence, does not alter the fact that Dignan was aware of the abuse more than two years before he brought this lawsuit.

The court carefully reviewed the arguments made by both parties in issuing its Ruling.  It does not see anything in Dignan's Motion to Amend or Motion for Reconsideration that justifies a reconsideration of its Ruling or amending its judgment to grant McGee's Motion for Summary Judgment and defendants' Motion to Dismiss.

## IV. CONCLUSION

For the foregoing reasons, the court **DENIES** the Motion to Amend Judgment (Doc. No. 70) and **DENIES** the Motion for Reconsideration (Doc. No. 69).

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 20th day of May, 2009.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge